# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACOBY MAIZE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9393** |
| **STATE OF LOUISIANA** | **SECTION: "J"(5)** |

## ORDER AND REASONS

Pro se petitioner, Jacoby Maize, filed the above-captioned 28 U.S.C. § 2254 habeas petition and a motion to stay the proceedings to allow him to fully exhaust his available state-court remedies. The matter is before the Court on his Motion for Stay and Abeyance (Rec. Doc. 14), which was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Court's Local Rules.[1]

Maize is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On March 4, 2016, he was convicted on seven felony counts, including: second-degree murder of Justin Hendricks; aggravated second-degree battery of Cecilia Cruz Maize; two counts of possession of a firearm by a convicted felon; intimidation of a witness; aggravated arson; and aggravated assault with a firearm of Cecilia Cruz Maize.[2] He was sentenced, respectively, to life imprisonment without the benefit of parole, probation or

---

[1] "A magistrate judge has authority to address a motion to stay a proceeding, when the order is not dispositive in that it merely suspends the proceedings and does not result in an absolute denial of ultimate relief." *Pierre v. Cain*, Civ. Action No. 15-5252, 2016 WL 1408581, at *1 n. 1 (E.D. La. Apr. 11, 2016) (Roby, M.J.); *accord Kang v. Cain*, Civ. Action No. 15-2318, 2016 WL 866728, at *3 (E.D. La. Mar. 7, 2016) (Wilkinson, M.J.).

[2] State Rec., Vol. 3 of 13, Minute Entry, 3/4/16.

suspension of sentence on count one; 15 years at hard labor; 20 years at hard labor without the benefit of parole, probation or suspension of sentence; 40 years at hard labor; 20 years at hard labor; 20 years at hard labor, and 10 years at hard labor.[3]

Maize appealed the convictions and sentences raising three counseled assignments of error: (1) the trial court erred in denying his motion to sever counts; (2) the trial court erred in admitting evidence of other crimes; and (3) the trial court erred in denying his motion in limine to exclude the 9-1-1 call made by Justin Hendricks and the hearsay testimony of Andrea Romano. In a pro se capacity, Maize also argued that trial counsel was ineffective for failing to subpoena witnesses for trial, failing to give a closing argument, failing to impeach the testimony of Ms. Rhode, failing to quash the indictment, and failing to strike potential jurors during voir dire. The appellate court relegated some of the ineffective-assistance claims to post-conviction relief proceedings. On June 15, 2017, his convictions and six of his seven sentences were affirmed by the Louisiana Fifth Circuit Court of Appeal.[4] The appellate court vacated his sentence on count seven for excessiveness and remanded for resentencing and correction of the commitment. On August 24, 2017, the trial court resentenced Maize on count seven to five years imprisonment.[5] Maize then filed

---

[3] State Rec., Vol. 3 of 13, Minute Entry, 3/28/16; *see also*, *State v. Maize*, 16-KA-575 (La. App. 5th Cir. June 15, 2017), 223 So.3d 633, 638.

[4] *State v. Maize*, 16-KA-575 (La. App. 5th Cir. June 15, 2017), 223 So.3d 633.

[5] State Rec., Vol. 4 of 13, Minute Entry, 8/24/17. A minute entry dated September 21, 2017 reflects the amended commitment as ordered by the appellate court. State Rec.,

an application for writ of certiorari with the Louisiana Supreme Court. The writ was denied on April 27, 2018.[6]

Shortly before that decision issued, on March 6, 2018, Maize submitted his application for post-conviction relief to the state district court.[7] In that application, he raised the following claims for relief: (1) his convictions for two counts of possession of a firearm by a convicted felon violated double jeopardy principles; (2) the trial court lacked jurisdiction on the second count of being a felon in possession of a firearm; (3) violation of *Brady* with respect to prison phone records; (4) ineffective assistance of trial counsel for failing to provide a defense, object to the second count of felon in possession of a firearm, subpoena an expert witness, recuse himself due to a conflict of interest, and admit a letter from a witness helpful to the defense; (5) prosecutorial misconduct in allowing perjured testimony; and (6) the conviction was unconstitutionally obtained. As ordered, the State filed a response. On May 9, 2018, the state district court denied relief, disposing of many claims as procedurally barred and denying some on the merits.[8] Maize subsequently filed an

---

Vol. 4 of 13.

[6] *State v. Maize*, 2017-KO-1265 (La. 2018), 241 So.3d 306.

[7] State Rec., Vol. 4 of 13, PCR.

[8] State Rec., Vol. 4 of 13, Order denying PCR, 5/9/18. During this time, he filed several other motions not at issue. He filed a motion entitled habeas corpus that was denied on May 9, 2018. He filed a motion entitled subject matter jurisdiction that was denied on May 9, 2018. His motion entitled default was denied on May 21, 2018. He sought supervisory review of the denial of the habeas corpus motion, which was denied on June 13, 2018. *Maize v. State of Louisiana*, 18-KH-321 (La. App. 5th Cir. June 13, 2018).

3

objection to the State's response and supplemental post-conviction relief application, which was denied on May 25, 2018.[9] On July 13, 2018, his supervisory writ application filed in the Louisiana Fifth Circuit was denied for failure to provide the court with the necessary documentation to review his application.[10] His related supervisory writ application filed with the Louisiana Supreme Court on July 16, 2018, along with a supplement submitted on November 7, 2018, is currently still pending.[11]

On October 3, 2018, Maize filed his application for federal habeas corpus relief. He asserted three grounds for relief that were considered and exhausted on direct appeal: (1) the trial court erred in denying his motion to sever counts; (2) the trial court erred in allowing evidence of other crimes; and (3) the trial court erred in denying his motion in limine to exclude the 9-1-1 call made by Justin Hendricks and the hearsay testimony of

---

He filed a subpoena duces tecum request that was denied on August 16, 2018.

[9] State Rec., Vol. 4 of 13, Order denying Objection to State's Response to Post-Conviction Relief Application and Supplemental Post-Conviction Application.

[10] State Rec., Vol. 4 of 13, *Maize v. State of Louisiana*, 18-KH-338 (La. App. 5th Cir. July 13, 2018). The appellate court cited Uniform Rules – Courts of Appeal, Rule 4-5 C, 4-2 and 4-3. The handwritten application in 18-KH-338 is attached to the supplement filed with the Louisiana Supreme Court in 18-KH-1235.

[11] State Rec., Vol. 13 of 13, Louisiana Supreme Court Writ No. 18-KH-1235. His supplement clarified that he mistakenly attached the Fifth Circuit ruling from Writ No. 18-KH-321; however, he was challenging Fifth Circuit writ ruling No. 18-KH-338 (and the district court order denying PCR). As of June 10, 2019, the Clerk's Office of the Louisiana Supreme Court confirmed that the writ application was still pending and no ruling had issued.

Andrea Romano. On January 24, 2019, he filed a motion to stay these proceedings based on the claims pending review in the Louisiana Supreme Court writ application.[12] The State opposed the motion for stay under *Rhines* because the federal application raises only three exhausted claims for relief.[13] As directed, the State also filed a response to the federal application.[14] Maize filed a reply arguing that he filed a protective federal petition and staying these proceedings is proper pending exhaustion of his available state-court remedies.[15] He indicates that he intends to include in this protective petition the claims pending in the Louisiana Supreme Court.[16]

In *Rhines v. Weber*, the United States Supreme Court explained that, in limited circumstances, it is appropriate for a federal district court to stay federal habeas corpus proceedings when a petitioner has filed a "mixed petition" containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims in state court and return to the federal court for review. *Rhines*, 544 U.S. at 277. The Court reasoned:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas

---

[12] Rec. Doc. 14.

[13] Rec. Doc. 20 (citing *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005)).

[14] Rec. Doc. 21.

[15] Rec. Doc. 29-1.

[16] Rec. Doc. 28-1, pp. 15-16.

proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. *Duncan, supra*, at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").

For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," *Lundy, supra*, at 520, 102 S.Ct. 1198 (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, *e.g., Zarvela*, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See *id.*, at 380-381.

*On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory*

> *litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See Lundy, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.*

*Id.* at 277-78 (emphasis added).

The State contends *Rhines* does not apply because Maize did not file a "mixed" petition. It is true that the federal application currently does not contain the unexhausted post-conviction relief claims pending before the Louisiana Supreme Court. Maize concedes he filed prematurely as a precaution and included only the claims he had exhausted on direct appeal. However, Maize should hardly be faulted for observing the requirement that he present only exhausted claims to this Court in his federal petition. Moreover, even though he has not yet formally amended the petition, he makes it clear that the additional unexhausted claims he plans to consolidate in this proceeding are those he has diligently pursued in post-conviction relief proceedings in the state courts. The State cites no legal authority expressly barring application of *Rhines* under the circumstances, and the Court finds no justification for not applying *Rhines*. *See Thompson v. Hooper*, Civ. Action No. 17-11674, 2018 WL 2013105, at *4 (E.D. La. April 30, 2018) (applying *Rhines* analysis and staying fully exhausted petition where petitioner had an unexhausted claim to later consolidate in the proceedings after he pursued the claim in the state courts, and had he sought to amend to include the claim, it would have been a mixed petition).

Furthermore, the *Rhines* factors weigh in favor of staying these proceedings. Maize plainly had good cause at the very least for not exhausting his claims of ineffective assistance of counsel on direct appeal and pursuing them on post-conviction relief considering that many of the ineffective-assistance claims he tried to raise on direct appeal were not considered and he was effectively instructed to raise them in post-conviction proceedings. At this time, the Court cannot say that all of Maize's additional unexhausted claims are "plainly meritless." The State notes that claims one, two, three and five were procedurally barred by the state district court and in his subsequent writ at the Louisiana Fifth Circuit,[17] but the Louisiana Supreme Court has yet to express an opinion on the matter. No timeliness concerns exist. Maize has pursued relief diligently through the state courts and a ruling from the Louisiana Supreme Court on the additional claims pending in that court since July 2018 is imminent. He plainly has not engaged in abusive litigation tactics or intentional delay. Under the circumstances, the Court finds that a limited stay is appropriate.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to stay, Rec. Doc. 14, is **GRANTED** and that the Clerk of Court mark the action **CLOSED** for statistical purposes.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction in this matter and that Petitioner shall be allowed to file a motion to reopen these proceedings, **along with an**

---

[17] Rec. Doc. 20, p. 2 n. 1.

**amended habeas corpus petition incorporating his additional newly exhausted claims**, **within thirty (30) days** after the Louisiana Supreme Court's ruling in Writ No. 18-KH-1235.

New Orleans, Louisiana, this   12th   day of _____June_____, 2019.

_____
**MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE**